UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Case No. 3:22-cv-

APPROXIMATELY 101,000 GFCI
RECEPTACLES BEARING
COUNTERFEIT MARKS,

    Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States of America, pursuant to 19 U.S.C. § 1526(e), approximately 101,000 ground-fault circuit interrupter (GFCI) receptacles[1] that were imported into the United States from China, and that bear counterfeit marks, in violation of 15 U.S.C. § 1124 (the Circuit Breakers).

---

[1] GFCI receptacles are fast-acting circuit breakers designed to protect individuals from receiving severe shocks when they unintentionally become part of the electric path between the source and ground surface. A GFCI receptacle shuts off electric power when it senses an imbalance between the outgoing and incoming current, which typically occurs due to an electrical fault such as a short circuit, insulation failure, or equipment malfunction.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Circuit Breakers pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over all civil actions commenced by the United States, and pursuant to 28 U.S.C. § 1355, which provides the Court with jurisdiction over actions to recover or enforce forfeitures.

3. This Court has *in rem* jurisdiction over the Circuit Breakers pursuant to:

   a. 28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred within the Middle District of Florida; and

   b. 21 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4. Venue lies within the Middle District of Florida pursuant to 28 U.S.C. § 1395 because the acts giving rise to the forfeiture accrued in the district, and the Circuit Breakers was found in the district.

## DEFENDANT *IN REM*

5. The Circuit Breakers were manufactured by Zhejiang Shouxin Electrical Apparatus Co LTD (Zhejiang) and shipped from Ningbo, China to the United States by Yeuqing Hongji Trade Co. Ltd. (Yueqing). The receptacles were imported by Magnalux US Inc. (Magnalux), a Florida corporation, and arrived at the Port of Jacksonville, Florida in December 2018. A photograph of the Circuit Breakers is below:



6. After inspection of (and investigation into the authenticity of) the Circuit Breakers, in January 2019, the United States Customs and Border Protection (Customs) seized the Circuit Breakers based on its determination that the receptacles' internal components bore counterfeit marks. The Circuit Breakers remain in the custody of the United States in the Middle District of Florida.

7. Because the Circuit Breakers are in the government's possession, custody, or control, pursuant to Supplemental Rule G(3)(b)(i), the Clerk of Court must issue an arrest warrant *in rem*.

## STATUTORY BASIS FOR FORFEITURE

8. The importation of the Circuit Breakers into the United States violated 15 U.S.C. § 1124, which provides, in pertinent part:

> Except as provided in subsection (d) of section 1526 of Title 19, no article of imported merchandise . . . which shall copy or simulate[2] a trademark registered in accordance with the provisions of this chapter . . . shall be admitted to entry at any customhouse of the United States.

9. The violation of 15 U.S.C. § 1124 subjects the Circuit Breakers to forfeiture pursuant to 19 U.S.C. § 1526(e), which states:

> [M]erchandise bearing a counterfeit mark (within the meaning of section 1127 of title 15)[3] imported into the United States in violation of the provisions of section 1124 of title 15, shall be seized and, in the absence of the written consent of the trademark owner, forfeited for violations of the customs laws.

10. Specific facts supporting the forfeiture of the Circuit Breakers have been provided by Customs Officer Karol Palenik, who states as follows:

**FACTS**

11. Karol Palenik has been employed as an Officer with Customs since December 15, 2003 and is currently assigned to the Trade Enforcement Team at the Port of Jacksonville, Florida. Officer Palenik's job duties consist of enforcement of United States trade laws including, but not limited to, inspecting cargo to identify any contraband, prohibited merchandise, and/or trade non-compliance. He conducts investigations of merchandise, parties, and activities pertaining to international

---

[2] A "copying or simulating" trademark is defined as "one which may so resemble a recorded mark . . . as to be likely to cause the public to associate the copying or simulating mark . . . with the recorded mark . . . ." 19 C.F.R. § 133.22.

[3] A "counterfeit" is "a spurious mark that is identical with or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. A "registered mark" means "a mark registered in the United States Patent and Trademark Office under this chapter or under the Act of March 3, 1881, or the Act of February 20, 1905, or the Act of March 19, 1920." *Id.*

traffic and trade. The following facts are based on Officer Palenik's personal knowledge of this investigation, his review of the evidence obtained, and information gained through his training and experience.

**Subject Trademarks**

12.     UL is a global independent safety science company headquartered in Northbrook, Illinois dedicated to preventing and reducing loss of life and property. Products authorized to bear UL marks undergo extensive testing to ensure, among other things, that they meet certain standards for performance and safety. GFCI receptacles, and the components contained within those receptacles, are among the many products tested and certified by UL.

13.     UL-certified components installed in another device, system, or end product bear UL's Recognized Component Mark, which is referred to as the "reverse UR" mark. The reverse UR mark is registered with the United States Patent and Trademarks Office (Registration Number 1123070) and recorded with Customs[4] (Recordation Number TMK 99-00658). Below is an image of the reverse UR mark:



---

[4] To aid Customs officers to enforce 15 U.S.C. § 1124, owners of registered trademarks may require their names and a copy of their registration certificate to be recorded with Customs. *See* 19 C.F.R. pt. 133 (setting forth the regulations governing the recordation process and the enforcement of recorded trademarks).

14. Fairchild Semiconductor Corporation (Fairchild) is a subsidiary of On Semiconductor. On Semiconductor is a supplier of semiconductor-based products utilized in connectivity, sensing, power management, analog, logic, timing, discrete and custom devices.

15. The "stylized F" mark is a Fairchild trademark that is registered with the United States Patent and Trademarks Office (Registration Number 2393895) and recorded with Customs (Recordation Number TMK 07-00616). Below is an image of the stylized F mark:



**Initial Examination and Inspection of the Circuit Breakers**

16. In December 2018, the shipment containing the Circuit Breakers arrived at the Port of Jacksonville, Florida from Ningbo, China. The bill of lading identified the shipper as Yueqing, and the consignee as Magnalux.

17. Officer Palenik targeted the shipment for inspection because previous shipments imported by Magnalux had contained merchandise bearing counterfeit marks, including trademarks registered to UL.[5]

---

[5] In 2018, Customs seized several shipments of LED lights imported by Magnalux because the lights contained unauthorized trademarks, including UL trademarks.

6

18. On December 18, 2018, Customs examined the shipment and discovered that there were four models of receptacles. A commercial invoice indicated the following quantities:

| Receptacle Model | Quantity |
|---|---|
| TST15 | 47,900 |
| TST20 | 47,900 |
| TST15 WR | 2,600 |
| TST20 WR | 2,600 |
| **Total** | **101,000** |

19. The retail packaging and exterior of the receptacles contained registered UL trademarks and file number E473989 (see below), which correlated to Zhejiang, the manufacturer of the receptacles and a UL client.




20. Since Officer Palenik was aware of prior issues with internal electrical components of GFCI receptacles bearing counterfeit marks, he opened a sample of each of the four models of receptacles, which revealed a wired board, capacitors, and semiconductors bearing marks, including, among others, UL's reverse UR and Fairchild's stylized F marks.

21. Based upon Officer Palenik's prior experience, the reverse UR trademark on a DF10 semiconductor component inside each sample receptacle appeared to be counterfeit because the layout of the marking on the component appeared incorrect. Below are photographs of a DF10 semiconductor component that Officer Palenik examined and found to bare a counterfeit reverse UR trademark.



22. The counterfeit reverse UR trademark is noticeably different from the genuine reverse UR trademark shown below.



23. To the untrained eye, the counterfeit reverse UR marks on the DF10 semiconductors were substantially indistinguishable from, the reverse UR mark registered with the United States Patent and Trademarks Office. The mark on the

DF10 semiconductors would likely cause the public to associate the mark with the registered reverse UR mark recorded with Customs.[6]

24. Officer Palenik was also of the opinion that a stylized F mark on a RV414AMT ground-fault interrupter component manufactured by On Semiconductor and found within each sample was counterfeit. Below are photographs of the ground-fault interrupter component that Officer Palenik examined.




25. The stylized F mark, and the placement of the mark on the ground-fault interrupters, was identical to or substantially indistinguishable from the registered mark. The mark on the ground fault interrupters would likely cause the public to associate the mark with the registered stylized F mark recorded with Customs.

26. Due to these concerns, on December 18, 2018, pursuant to 19 C.F.R. § 133.21, Officer Palenik detained the Circuit Breakers for further investigation.

---

[6] Furthermore, because the GFCI receptacle packaging also displayed a UL mark, consumers would be further led to believe that the product was certified by UL.

9

### Investigation of the Marks on Circuit Breakers

27. Officer Palenik notified Magnalux and Yueqing that the Circuit Breakers had been detained because of the suspected counterfeit components.

28. After Magnalux's customs broker authorized Officer Palenik to release photographs of the components to the trademark holders, Officer Palenik emailed photographs to UL and On Semiconductor to determine if the component parts were genuine.

29. UL stated that the DF10 semiconductor component was not authorized to bear the reverse UR Recognized Component Certification Mark.  Therefore, the UL Recognized Component Mark on the DF10 semiconductor is unauthorized and considered counterfeit by UL. Specifically, while the manufacturer of the GFCI receptacles, Zhejiang, was authorized to use UL marks on imported receptacles and packaging, because Zhejiang used counterfeit DF10 semiconductors within the receptacles, Zhejiang invalidated its authorization, and thus, was not authorized to use UL marks on its receptacles or packaging. UL indicated it was certain that the semiconductors were counterfeit.

30. On Semiconductor advised that the ground-fault interrupter component was not legitimate, as the listed lot number did not align with anything in its systems. Thus, on Semiconductor believed the components bearing the stylized F mark to be counterfeit.

31. Based on the information obtained from UL and On Semiconductor, as well as his own observations, Officer Palenik seized the GFCI receptacles in January

2019 on the basis that they contained counterfeit marks and violated 15 U.S.C. § 1124.

## ADDITIONAL SEIZURES OF GFCI RECEPTACLES

32. At other ports of entry, Customs has seized imported GFCI receptacles manufactured by Zhejiang due to the receptacles containing unauthorized UL marks.

33. Specifically, on February 13, 2019, Customs seized 24,050 GFCI receptacles that were manufactured by Zhejiang and imported into Savannah, Georgia. The receptacles contained the same unauthorized UL marks on the DF10 component parts as was found on the Circuit Breakers.

34. On March 26, 2019, Customs seized an additional 57,600 GFCI receptacles manufactured by Zhejiang and containing unauthorized UL marks, which had been imported into Mobile, Alabama. The receptacles were administratively forfeited on June 26, 2019.

## CONCLUSION

35. As required by Supplemental Rule G(2)(f), the facts below support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, the facts support a reasonable belief that the government will be able to show, by a preponderance of the evidence, that the Circuit Breakers were imported into the United States bearing counterfeit marks in violation of 15 U.S.C. § 1124, and are subject to forfeiture pursuant to 19 U.S.C. § 1526(e).

WHEREFORE, pursuant to Supplemental Rule G, Plaintiff United States of America respectfully requests that the Court enter an order directing the Clerk of

Court to issue a Warrant of Arrest *in rem* for the Circuit Breakers pursuant to Supplemental Rule G(3)(b)(i), initiate a process of forfeiture against the Circuit Breakers, and duly notice all interested parties to appear and show cause why the forfeiture should not be decreed. The United States further requests that the Court order the Circuit Breakers forfeited to the United States for disposition according to law and grant the United States such other and further relief as this case may require.

Dated: May 13, 2022

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By: _____
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

## VERIFICATION

I, Karol Palenik, verify and declare under penalty of perjury that I am an Officer with the United States Customs and Border Protection of the United States Department of Homeland Security, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information, and the grounds of my belief, are the official files and records of the United States and my investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of May, 2022.

_____
Karol Palenik, Officer
U.S. Customs and Border Protection